UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ALEXANDER TRAYLOR,

    Plaintiff,

                                               08-3183

DR. BROWN et al.,

    Defendants.

## Case Management Order

The plaintiff, currently incarcerated in Western Illinois Correctional Center, alleges that for over two years he has suffered from intense pain and difficulty moving his bowels and intense abdominal pain, and that the defendants have been deliberately indifferent to his plight.

*Appointment of Counsel*

The plaintiff's prior motion for appointment of counsel was denied because the court found, on the record at that time, that the plaintiff appeared competent to proceed pro se. (4/10/09 order). The plaintiff, however, was given leave to renew his motion on a more developed record. *Id.*

The plaintiff has filed a renewed motion for the appointment of counsel, attaching his medical records (d/e 106; *see also* d/e 127-1). Those records do appear to show that the plaintiff suffers from a serious medical problem, perhaps multiple serious medical problems. For example, in March 2008, the plaintiff was taken to the emergency room and "had exploratory laparotomy with extensive lysis of adhesions and omega loop enteroenterostomy."[1] (D/e 106-1, p. 6, Blessing Hospital consultation). That consultation report indicates that the plaintiff has had prior surgeries for abdominal ulcers and a history of exploratory laparotomy, and the plaintiff also reports prior surgeries from years ago on his bowels, hemorrhoids, ulcers, and gallbladder (d/e 129, ¶ 4; d/e 71, p. 21). The medical records also reflect that the plaintiff has had

---

[1] According to the court's internet surfing, "Adhesions are abnormal attachments between abdominal organs. Because internal organs normally move independently of each other, adhesions can affect the functioning of organs and may result in chronic abdominal pain." www.debakeydepartmentofsurgery.org ("laparoscopic lysis of adhesions")(lasted visited 1/6/10). Lysis refers to the removal of those adhesions. An "enteroenterostomy" is the "establishment of a new communication between two segments of intestine." *Stedman's Medical Dictionary* (28th Ed., copyright 2006).

endoscopies and colonoscopies and has been diagnosed at various times with hernias, large internal hemorrhoids, and rectal prolapse. (d/e 106-2, p. 16; d/e 106-6 p. 30). The records also show that, while the plaintiff has been in prison, he has received multiple outside consults with specialists, outpatient procedures, medicines, and even a surgery, yet he still suffers from the same symptoms. It may be that the plaintiff's conditions are intractable. Unfortunately not all medical problems are readily diagnosed and treated; unsuccessful attempts to do so would not be deliberate indifference. (*See d/e 71, p. 32, Dr. Elyea's letter to the plaintiff*).

Despite the plaintiff's medical conditions, the court is still of the opinion that he is competent to represent himself. The plaintiff has done a good job of representing himself thus far. He has obtained all his relevant medical records as well as his grievances and correspondence in which he sought assistance. His pleadings have been literate and on point, demonstrating an adequate grasp of the legal basis for his claims, the rules of civil procedure, and the evidence he needs to support his claims. He does not necessarily need an expert to prove deliberate indifference. He can testify personally to the defendants' purported lack of response to his complaints of pain. *See Ledford v. Sullivan*, 105 F.3d 354 (7th Cir. 1997)(expert not necessarily required to establish deliberate indifference). Additionally, the need for an expert is only one factor to consider and does not mandate that the court seek counsel. *Pruitt*, 503 F.3d at 656 (no "categorical rules" for when counsel must be recruited). The focus is on the plaintiff's competency to pursue his claims—"the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Pruitt*, 503 F.3d at 655. The plaintiff appears competent to pursue this claim on his own, which includes searching for expert testimony on his own to support his claim of deliberate indifference if he chooses. If he is unable to find such expert testimony, that is not necessarily an indication that he is not competent to proceed pro se. In this case it may be more likely an indication that his claim simply lacks merit.

*Motion for Leave to file a Third Amended Complaint*

Fed. R. Civ. P. 15(a)(1) allows a party to amend its pleading "as a matter of course" within 21 days after service or 21 days after a responsive pleading or Rule 12 motion is filed. Otherwise, amendments require the opposing party's written consent or the court's leave. Rule 15(a)(2). Leave is not required if there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile. *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F3d 854, 860 (7th Cir. 2001), *citing Foman v. Davis*, 371 U.S. 178, 182; *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992).

The plaintiff seeks to add a new defendant and three new claims. The new defendant is Dennis Larson, who was allegedly Wexford's regional medical director during the relevant time. The new claims are: 1) that the plaintiff's medical problems are due to his diet, which is high in soy; 2) the Defendant Fuqua retaliated against him for his many grievances seeking health care by directing a nurse to write a disciplinary report against him in June 2006 which resulted in his segregation; and 3) a supplemental state claim for negligence.

As to the retaliation and soy claims, the plaintiff has unduly delayed in bringing them,

and allowing the claims now would unduly prejudice the defendants and unduly delay this case. The plaintiff filed this case in August 2008, challenging the lack of medical treatment for his intestinal problems back to (it appears) the year 2006. Nowhere in the first or second amended complaint is there any mention that a soy diet even conceivably was to blame, much less that the defendants knew that soy was the alleged culprit. Similarly, the plaintiff mentioned nothing about Fuqua's alleged retaliation, even though he was well aware of the 2006 disciplinary report and segregation when he filed his complaint. He does not explain his delay in bringing these claims.[2] The new defendant, Larson, is implicated only in the soy claim, so he is not properly added. As to the negligence claim, the plaintiff appears to be pursuing a malpractice claim. As stated earlier, Illinois law requires a plaintiff in a malpractice action to supply an affidavit and physician's report to support the claim's merit, which the plaintiff has not done. 735 ILCS 5/2-622(1). Accordingly, the plaintiff's motion to file a third amended complaint will be denied.

The plaintiff's other pending motions are addressed in turn below.

IT IS THEREFORE ORDERED:

1) The plaintiff's motion for a physical exam is denied **(d/e 100)**. The court can appoint an expert under Fed. Rule of Evid. 706(a) to assist the court or trier of fact in understanding an issue, but that situation is not present on the current state of the record. Fed. R. Civ. P. 35(a) allows the court to order a party to submit to a physical examination, but that situation is also not present.

However, the need for a court appointed expert may change, depending on the dispositive motion submitted by defendants. In support of their dispositive motion, the defendants are directed to submit, if they can, an affidavit of an independent gastroenterologist who has reviewed the plaintiff's medical records and can summarize and render an opinion based on reasonable medical certainty on: 1) the plaintiff's present conditions; and 2) the care given those

---

[2] Additionally, the plaintiff fails to state a claim that defendants were deliberately indifferent that his problems were caused by a diet high in soy. To state a claim, factual "' . . . allegations, [must] show that it is plausible, rather than merely speculative, that [the plaintiff] is entitled to relief.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008)(quoted and other citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009), citing Twombly, 127 S.Ct. 1955. Legal conclusions, unsupported by alleged underlying facts, are not entitled to "the assumption of truth." Id. at 1951. The plaintiff's allegations that his symptoms were similar to symptoms caused by a soy diet and therefore were caused by soy are too implausible, given the extensive medical records that he has submitted that fail to mention soy as even a possible cause. And, no factual allegations are made to plausibly support the plaintiff's conclusion that the defendants knew soy might even possibly be a factor.

conditions; and 3) whether the procedures followed and the care given by the defendants have comported with accepted and established medical protocols for similar patients with those conditions.

2) The plaintiff's renewed motion for appointment of counsel is denied **(d/e 106)**.

3) *Sua sponte*, the summary judgment motion deadline is extended to April 1, 2010. The defendants' deadline for disclosing an expert to provide the opinion set forth in paragraph (1) above, is extended to April 1, 2010. The plaintiff's deadline for disclosing his own expert is extended to May 3, 2010. The plaintiff's response to the defendants' summary judgment is due May 31, 2010.

4) The plaintiff has moved to compel an answer to his modified interrogatory #3, which asks for "the name of the person or persons who held the positions of manager and regional director for the Wexford Health Sources, Inc., from the date of December 1, 2005, to the present date." The plaintiff appears to seek the names of those persons at Wexford with the authority to supervise and approve/deny medical care for the plaintiff from December 1, 2005 to the present. The plaintiff's motion is granted **(d/e 122)**. Wexford shall respond to the plaintiff within 14 days of the entry of this order, if it has not already done so. The plaintiff's prior motion regarding the same is denied as moot **(d/e 118)**

5) The plaintiff's motion to compel Defendant Fuqua to respond to discovery is denied as moot **(d/e 125)**, as it appears that Fuqua has now responded.

6) The plaintiff's motion for leave to file a third amended complaint is denied **(d/e 129)**.

7) The clerk is directed to calculate the plaintiff's payments owed pursuant to the Seventh Circuit's mandate of July 2, 2009, assessing the appellate fee (d/e 105). The clerk is further directed to enter the standard text order collecting those payments.

Entered this 14th Day of January, 2010.

                                                  **s\Harold A. Baker**

                                                HAROLD A. BAKER
                                UNITED STATES DISTRICT JUDGE